[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 16 June 2000 Date of Application: 16 June 2000 Date of Application Filed: 16 June 2000 Date of Decision: 26 February 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury. Docket Number CR99-280570.
Richard Morano, Esq. For the Petitioner
Patrick Griffen, Esq. For the State of Connecticut
 BY THE DIVISION
The petitioner was convicted by jury of one count of Possession of Narcotics with Intent to Sell in violation of Connecticut Gen. Statute21a-278 (a); one count of Possession of Narcotics with Intent to Sell Within a School Zone in violation of Connecticut Gen. Statute 21a-278a (b) and Interfering with a Search Warrant in violation of Connecticut Gen. Statute 54-33d. The sentencing court imposed a sentence of 24 years to serve of which 8 years are mandatory.
 FACTS
On June 4, 1999 at approximately 1:00 p. m. Waterbury Police served a Search and Seizure warrant for an apartment and a car. As they entered the apartment, Rivera pushed the police out. Reasonable force was used to take control of Rivera. The search produced a quantity of drugs and cash. Investigation revealed that Rivera was in fact, Tadeo Polanco.
Counsel for the petitioner insisted at the hearing that his was made out to be more of a drug player than he actually was and that the state made too much of an issue of the other name of the petitioner. Contrary to the reports the petitioner had only one conviction at the time of sentencing. Counsel argued that the petitioner was not a bad person and was treated as a career criminal by the court. Noting that his first arrest was at the age of 44 and that the co-accused received only 18 years to serve, counsel felt a reduction was fair to balance the disparity of sentences. CT Page 3635
The petitioner when he spoke to the panel felt he was in jail because the "cop framed him". He told the panel that he had always worked during his lifetime and that now he was a broken man.
The attorney for the state emphasized that the amount of crack seized was about a 1/2 pound and that the petitioner actively resisted the police when they were serving the search warrant. Counsel felt that the petitioner's actions were clearly to sell cocaine to make money. When addressing the disparity of sentences between the petitioner and the co-accused counsel indicated that the co-accused was not on parole and did not have an outstanding warrant from another jurisdiction. He urged an affirmance by the panel.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of the Connecticut Practice Book §43-28 et seq., and Connecticut General Statute § 51-94 et seq.
When reviewing the basis and remarks of the sentencing court we find that the judge took into consideration the petitioner's criminal history, the severity of the crime and the havoc that drugs perpetuate on society in a careful and reasoned manner.
It is AFFIRMED.
Norko, J.
Klaczak, J.
Miano, J.
Norko, J., Klaczak, J. and Miano, J. participated in this decision.